Chief Justice Robertson,
delivered the opinion of the court.
This is precisely such a case as the foregoing, except that it grows out of a different judgment and recognizance.
For the reasons suggested in that case, the judgment in this is reversed, and the cause remanded with instructions to overrule the motion.
The counsel for Marshall, &c. file7 the following petition for a re-hearing of the two preceding cases.
It was certainly a very bold act in the legislature, to confer power on the cle-lc in vacation of the court, to take a recognizance, and afterwards deíe¡mine that it Lad been forfeited and become a judgment, and thereupon, to issue process of execution, without j udge or jury. We do not mean to question, directly, the validity of the statute, but we would insist upon a strict construction of it, and that no deviation from the mode prescribed to this new tribunal shall be tolerated.
In the opinion delivered, it seems to be inferred from the- letters “D. Clk.” added to the name of Cuthbert S. Anderson,.that he was the deputy of the clerk of some court, and,from the matlm of the judgment oftne Franklin circuit court, it is inferred, Anderson was the deputy of the clerk of that, court. We think it can be maintained that those conclusions are not just. It .is not perceived how it follows, that because no other. *436 clerk had the authority to take the recognizance. therefore the proper clerk did take it. We do notunhow the presumption m favor of the lawfulness of the manner of an act, the proper officer jjas certainly perfomed, can have an influence on the present question, which is, was the act done at all by the proper officer? and we would insist that the official character of the person whose acts are to be considered, ought to appear by at least his own certificate, and that the presumption, that no other would arrogate the power, is too weak to uphold a judgment of this sort. That this instrument cannot be a statuary recognizance, unless acknowledged before the proper clerk of the proper court, is plain.
We would insist, that the law requires, also, that the recognizance must be acknowledged in the clerk’s office. The statute gives the form of the recognizance; the very words in which the acknowledgment shall be made; and in this we apprehend the very substance of the obligation is to be found. In this form, the eognizors are required to acknowledge that they came into the clerk’s office. Is it not, then, manifest, that the act cap be doné only in the clerk’s office? Does not the form presented by the-statute, constitute the very law of the case, and make it necessary that the eognizors shal acknowledge the act was done in the office? This is the placewherethe recordsofthe court,and of thejudgment to be satisfied, were kepL. The law requires this office to be kept open for the transaction of all the official busiqes of the clerk. Here, the legislature said this new jurisdiction of the clerk should be exercised, and' also declared, by giving the form, that it should appear in the record of the transaction that the recognizance was entered into there. Can it then be done elsewhere?, It is not necessary to contend that an instrument made elsewhere would be lotaily void; but when by the form the law has prescribed for the instrument, the cognizors are required to acknowledge it was made in this office of the clerk, can it have the effect of a judgment wiihout this clause? It was not intended, by the legislature to leave the place of this transaction, the execution of the instrument, to presumptions. On the contrary, it was not intended to leave it ope#f to other proofs. The. eognizors are require#] to acknowledge if *437 tinder their seals. So the law is written; and had the recognizance been so written, we would have been estopped. Rut it is not. And now, must we not only deny, but also prove, that this alleged recognizance and judgment againsi us, is lacking, in that essential particular, the law liad said, ought to appear on its face Í ? t is a rule that the actsof courtsof inferior and limited jurisdiction, shall be strictly construed, and that thei t j u £ isdic • i on must appear on the face of their proceedings, othir w;se, their judgments are made void; and s'>all the judgments of this quasi judge, the clerk of the court, be more favorably construed ? It may be, this act was provided by the legislature for the benefit of debtors; bnt die question still remains, does the act cover the case? Is this instrument executed according to the statute? And is it now a judgment against both the principal and sureties? The act was certainly not for the benefit of sureties; and they have always the right to insist on strictlaw. These words, in the form prescribed by the statute, “into my office as clerk of the —■— court,’7 are left out; and thus we are left to conjecture where, into what place, the obligors came.
We insist this is a fatal omission. It was not for us to prepare the paper; and if it was not according to the statute, the plaintiff’s delay on his original judgment* has been by his own neglect.
A re-hearing of the two cases is respectfully asked.
Per curiam. The petition is overruled.